IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DELORES BOLT, INDIVIDUALLY, § <br> AND AS THE ADMINISTRATOR OF § <br> THE ESTATE OF JAMES BOLT, DECEASED, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> TOYOTA MOTOR CORPORATION; § <br> TOYOTA MOTOR CORPORATION § <br> AUSTRALIA, LIMITED; § <br> UNITED AIR LINES, INC.; AND § <br> WESTERN GROUND SERVICES, INC., § <br> § <br> Defendants. § | 2-03CV-251-DF <br><br> CIVIL ACTION NUMBERED: <br><br> JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

Delores Bolt, Individually, and as Administrator of the Estate of James Bolt, Deceased, complain of Toyota Motor Corporation, Toyota Motor Corporation Australia, Limited, United Air Lines, Inc. and Western Ground Services, Inc., and would show the Court as follows:

### PARTIES

1. Plaintiff, Delores Bolt is a resident of Lakewood, Colorado, and the Court-Appointed Administrator for the Estate of James Bolt, Deceased.

2. Defendant Toyota Motor Corporation ("Toyota Japan") is a foreign corporation, organized and formed under the laws of Japan. It is the parent corporation and 100% owner of Toyota Motor Corporation Australia, Limited. Toyota Japan does not have a Registered Service Agent on file with the Texas Secretary of State. Service of Process can be accomplished by serving the Summons and Original Petition in duplicate by certified mail, return receipt requested on the Secretary of State of Texas, for service in turn by registered mail, return receipt requested, on the President of Toyota Motor Corporation, Mr. Fujio Cho, or any other officer of the company, at its home office address: 1, Toyota-cho, Toyota, Aichi 471-8571, Japan, as

provided by the Texas Long Arm Statute. See TEX. CIV. PRAC. & REM. CODE, §17.044, et seq.

3. Defendant Toyota Motor Corporation Australia, Limited. ("Toyota Australia") is a foreign corporation doing business in the State of Texas, and who may be served with process by serving through the Hague Convention its President at its principal place of business.

4. Defendant United Air Lines, Inc. ("UA") is a Delaware corporation registered to do business in the State of Texas, and who may be served with service of process on its Registered Agent at: <u>Prentice Hall, 800 Brazos St., Ste. 750, Austin, Texas 78701-2554.</u>

5. Defendant Western Ground Services, Inc. ("Western") is a Colorado corporation, doing business in the State of Texas without a Texas Registered Agent, and who may be served with service of process on its Registered Agent through the Texas Secretary of State at: <u>Christopher Phillips, 1610 Wynkoop, Ste 500, Denver, CO 80202.</u>

## SUBJECT MATTER JURISDICTION

6. Plaintiff was a resident and citizen of the State of Colorado at the time of the accident giving rise to this case. Defendant, Toyota Japan is incorporated under the laws of Japan, and has its principal place of business in Japan. Defendant Toyota Australia is a wholly-owned subsidiary of Toyota Japan and is a foreign Corporation. Defendant UA is incorporated under the laws of Delaware, and has its principal place of business in the State of Illinois. Defendant Western is incorporated under the laws of Colorado, and has its principal place of business in Colorado. Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, jurisdiction based upon 28 U.S.C. 1332 is established.

## PERSONAL JURISDICTION

7. The Toyota defendants introduced airport tugs into the stream of worldwide commerce, which they designed, manufactured, tested, inspected and marketed, through their authorized dealers. The Toyota defendants knew at all relevant times that some of those airport tugs would be sold, used and serviced in the State of Texas. Having sold literally hundreds of their airport tugs in Texas, to airlines like UA which would use those tugs in Texas, the

defendants cannot be heard to complain when called to respond to complaints of defects involving those same products. The Toyota defendants' contacts with the State of Texas are sufficient such that the Court's exercise of personal jurisdiction over them is proper.

## FACTS

8. At the time of the incident in question, James Bolt was repairing a gray 1997 Toyota 02-27023 airport tug bearing Serial Number 2TD2S-12823. On the morning of August 14, 2002, Mr. Bolt was observed repairing the subject Toyota tug at Terminal B, Gate 30 at DFW Airport, Grapevine, Tarrant County, Texas. Around 7:16 a.m., Mr. Bolt's body was found lodged between a wheel and wheel well inside the subject Toyota airport tug. Mr. Bolt died due to traumatic asphyxia and entrapment.

## STRICT LIABILITY FOR DEFECTIVE DESIGN, MANUFACTURE AND MARKETING

9. At all times material hereto, the Toyota defendants were in the business of designing, manufacturing and marketing airport tugs, including the subject Toyota airport tug. The Toyota defendants are thus the "manufacturer" of the airport tug in question within the meaning of TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(4). At some point after its manufacture, Toyota Japan and Toyota Australia placed the airport tug in question into the stream of commerce in the United States. By such action, the Toyota defendants became liable under the doctrine of strict liability in tort for injuries or damages caused by defects arising out of the design, manufacture or marketing of the subject airport tug.

10. At the time the subject Toyota airport tug in question was introduced into the stream of commerce, it contained a design defect that allowed permitted certain mechanized portions of the tug to become operational during maintenance without human intervention or intention, which design defect caused Mr. Bolt to become lodged within the Toyota tug and crushed upon the engine starting. This defect rendered the airport tug unreasonably dangerous as

designed, taking into consideration the utility of the product and the risk involved in its maintenance. Safer alternative designs existed which, in all reasonable probability, would have prevented or significantly reduced the risk of the tug becoming operational while undergoing maintenance, which alternative designs would not have substantially impaired the ability to maintain the tug, and which were economically and technologically feasible at the time the subject airport tug left the control of the Toyota defendants, by the application of existing or reasonably achievable scientific knowledge. Said maintenance design defect was a producing cause of the occurrence, injuries and death in question. PJC 71.4A.

11. Furthermore, there was a complete failure by Toyota Japan and Toyota Australia to provide any warning of the possibility that the airport tug may become operational when not intended during maintenance, which risk was known, or by the application of reasonably developed human skill and foresight should have been known, to the defendants. This failure rendered the airport tug unreasonably dangerous as marketed. PJC 71.5.

12. Toyota Japan and Toyota Australia are jointly liable under the doctrine of strict liability in tort for any defects arising out of the design, manufacture or marketing of the airport tug to the extent such defects were a producing cause of the occurrence, injuries and death in question, and the Plaintiffs' subsequent damages.

## NEGLIGENCE

13. Plaintiff alleges that Toyota Japan, Toyota Australia, UA and Western, individually and jointly, committed acts of omission and commission in designing, testing, evaluating, manufacturing, marketing, and in failing to warn with regard to the airport tug, which acts, taken separately or together, constitute negligence. In addition, the negligent acts and omissions of UA and Western, included, but are not limited to, failing to provide adequate

supervision of tug maintenance personnel, failing to provide sufficient information regarding the tug's prior maintenance history to people such as Mr. Bolt, and in failing to assure that tug maintenance personnel were properly trained. Such negligent acts or omissions were, alone or in conjunction with the actions of others, a proximate cause of the occurrence, injuries and death in question.

## DAMAGES

14. James Bolt, deceased, suffered physical pain and mental anguish prior to his death, and ultimately death, due to the subject airport tug's defects. In addition, his estate incurred reasonable and necessary pecuniary expenses related to his funeral and burial.

15. As a result of the death of her husband, Delores Bolt suffered a loss of consortium from the past loss of his care, maintenance, support, advice, services, counsel, comfort, contributions of pecuniary value, and household services which she otherwise would have received from him. She suffered physical pain, mental anguish and physical and mental impairment in the past as well. These losses and suffering will, in all reasonable probability, continue in the future.

## INTEREST

16. Plaintiff seeks pre-judgment and post-judgment interest at the maximum rate allowed by law.

## JURY TRIAL

17. Plaintiff requests a jury trial of the above-entitled lawsuit. In support of this application, plaintiff would show that the appropriate jury fee has been paid to the district clerk.

## PRAYER

Plaintiff prays that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from the defendants, jointly and severally, for her damages together with the costs of suit, pre-judgment and post-judgment interest, reasonable and necessary attorneys' fees, litigation expenses, and

such other and further relief to which Plaintiff may show herself justly entitled.

                                                         Respectfully submitted,

*Leon Russell by perm. MCS*

Leon R. Russell
SBN: 17418500
Law Offices of Leon Russell, P.C.
3102 Oak Lawn Avenue
Suite 600, LB 164
Dallas, Texas 75219
Phone: (214)443-0800
Fax: (214) 443-0898

and

Carl Roth
SBN: 17312000
The Roth Law Firm, P.C.
115 N. Wellington, Ste. 200
P. O. Box 876
Marshall, Texas 75671
Phone: 903-935-1665
Fax: 903-935-1797

ATTORNEYS FOR PLAINTIFF.